IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GRAYLIN GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3220 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF LINCOLN; TOM | ) | MEMORANDUM AND ORDER |
| CASADY, Chief of the Lincoln | ) | |
| Police Dept; NATHAN FLOOD, Inv. | ) | |
| of the Lincoln Police Dept; | ) | |
| TIMOTHY CRONIN, Ofc. of the | ) | |
| Lincoln Police Dept, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Filing No. 2.) 28 U.S.C. § 1915(g), enacted as part of the Prison Litigation Reform Act, provides in pertinent part that a prisoner cannot:

> bring a civil action ... or proceeding [ in forma pauperis ] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

The following six cases brought by the plaintiff were dismissed as frivolous:

Gray v. Condon 4:95cv3177

Gray v. Grammer 4:95cv3446

Gray v. Smith 4:95cv3405

1

Gray v. Grammar 4:95cv3404

Gray v. Smith 4:95cv3339

Gray v. Webber 4:95cv3326

The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA, are to be counted in determining whether a prisoner has three "strikes" and therefore may no longer prosecute a claim in forma pauperis. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (recognizing without discussion the dismissal of Plaintiff's pre-PLRA claims in determining his number of strikes).[1] Accordingly, the plaintiff has until October 9, 2007 to either show cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g), or pay the full $350 filing fee.  In the absence of good cause shown, or the payment of the full filing fee, the plaintiff's complaint and this action will be dismissed.

IT IS THEREFORE ORDERED THAT:

1.  The plaintiff has until October 9, 2007, to either show cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g) or pay the full $350 filing fee;

---

[1] A number of other Circuit Courts of Appeal agree that pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of Section 1915(g).  *See Welch v. Galie*, 207 F.3d 130, 131-32 (2d Cir. 2000) (per curiam); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1035-36 (D.C. Cir. 2000); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 461-62 (5th Cir. 1998); *Wilson v. Yaklich*, 148 F.3d 596, 602-04 (6th Cir. 1998); *Keener v. Pennsylvania Bd. of Prob. & Parole*, 128 F.3d 143, 144 (3d Cir. 1997) (per curiam); *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

2.  The Clerk of court is directed to set a pro se case management deadline using the following language: show cause deadline expires October 9, 2007.

September 21, 2007.                    BY THE COURT:

                                       s/ *Richard G. Kopf*
                                       United States District Judge